UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOYCE STONE,

    Plaintiff,

v.

SUN LIFE ASSURANCE
COMPANY OF CANADA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, JOYCE STONE ("STONE"), by and through her undersigned counsel, hereby sues SUN LIFE ASSURANCE COMPANY OF CANADA ("SUN LIFE"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.  STONE brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. STONE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. SUN LIFE is a corporation with its principal address in Toronto, Ontario, Canada, and a mailing address in Wellesley Hills, Massachusetts, that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, SUN LIFE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to STONE by SUN LIFE.

6. STONE was at all times material an employee of QHCCS, LLC.

7. STONE was at all times material a plan participant under the QHCCS, LLC Group Basic Long Term Disability Income Insurance Policy, Policy Number 242490-003 ("the LTD Policy"), which is a Long Term Disability Income Insurance Policy issued by SUN LIFE, of which QHCCS, LLC is the Policyholder. It is pursuant to Policy 242490-003 to which STONE is entitled to benefits. A copy of the LTD Policy Certificate as provided by SUN LIFE is attached as Exhibit "A".

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. SUN LIFE is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, SUN LIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, SUN LIFE is not entitled to a deferential standard of review.

11. SUN LIFE is the fiduciary charged with making benefit determinations under the LTD Policy including the determinations made on STONE's claim at issue.

12. Pursuant to the terms and conditions of the LTD Policy, STONE is entitled to LTD benefits for the duration of her disability, or until age 67, so long as she remains disabled as required under the terms of the LTD Policy.

13. According to the LTD Policy,

> **Total Disability and Totally Disabled means** during the Elimination Period and the next 24 months you are unable to perform the material and substantial duties of your Regular Occupation.
>
> After 24 months of receiving Total and Partial Disability benefits combined, Total Disability and Totally Disabled means you are unable to perform with reasonable continuity any Gainful Occupation for which you are or could become reasonably qualified for by education, training and experience.
>
> Total Disability must be caused by an Accident or Sickness and must commence while you are insured under the Policy.

14. At all relevant times, STONE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

15. Since approximately July 10, 2017, STONE has been disabled under the terms of the LTD Policy.

16. Since approximately July 10, 2017, because of an Accident or Sickness, STONE has been unable to perform the material and substantial duties of her Regular Occupation.

17. Since approximately July 10, 2017, because of an Accident or Sickness, STONE has been unable to perform with reasonable continuity any Gainful Occupation for which she is or could become reasonably qualified for by education, training or experience.

18. At all relevant times, STONE has been under the appropriate and regular care and

treatment of a physician.

19. At all relevant times, STONE was a Covered Person under the LTD Policy.

20. Shortly after becoming disabled, STONE made a claim to SUN LIFE under the LTD Policy for disability benefits. After initially denying the claim and following the filing of an administrative appeal, benefits were eventually approved and paid through June 30, 2020.

21. By letter dated June 23, 2020, STONE was informed by SUN LIFE that her claim for LTD benefits was now being denied as Sun Life now found that she did not qualify for continued benefits.

22. STONE properly and timely submitted an appeal of SUN LIFE's June 23, 2020 denial letter.

23. By letter dated April 6, 2021, SUN LIFE notified STONE that it was upholding its previous decision to deny LTD benefits after June 30, 2020 and informed STONE that all administrative remedies had been exhausted.

24. At all relevant times, STONE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

25. STONE has not received benefits under the LTD Policy since June 30, 2020 despite STONE's right to these benefits.

26. SUN LIFE has refused to pay STONE's continued claim for LTD benefits after June 30, 2020.

27. At all relevant times, SUN LIFE was the payer of benefits.

28. At all relevant times, SUN LIFE was the "Insurance Company" identified throughout the

LTD Policy.

29. At all relevant times, SUN LIFE was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

30. At all relevant times, STONE has been and remains Disabled and entitled to LTD benefits from SUN LIFE under the terms of the LTD Policy.

31. STONE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

32. STONE incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), STONE, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

35. STONE has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of SUN LIFE's failure to pay her continued claim for disability benefits.

36. STONE has exhausted all administrative remedies under the LTD Policy.

37. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to STONE at a time when SUN LIFE knew, or should have known, that STONE was entitled to those

benefits under the terms of the LTD Policy, as STONE was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of STONE's claim for LTD benefits.

(c) After STONE's claim was terminated in whole or in part, SUN LIFE failed to adequately describe to STONE any additional material or information necessary for STONE to perfect her claim along with an explanation of why such material is or was necessary.

(d) SUN LIFE failed to properly and adequately investigate the merits of STONE's disability claim and failed to provide a full and fair review of STONE's claim.

38. STONE believes and thereon alleges that SUN LIFE wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which STONE is presently unaware, but which may be discovered in this future litigation and which STONE will immediately make SUN LIFE aware of once said acts or omissions are discovered by STONE.

39. Following the termination of benefits under the LTD Policy, STONE exhausted all administrative remedies required under ERISA, and STONE has performed all duties and obligations on her part to be performed under the LTD Policy.

40. As a proximate result of the aforementioned wrongful conduct of SUN LIFE, STONE has

damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding STONE's claim for benefits, STONE, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), STONE is entitled to have such fees and costs paid by SUN LIFE.

42. The wrongful conduct of SUN LIFE has created uncertainty where none should exist. Therefore, STONE is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, JOYCE STONE prays for relief against SUN LIFE ASSURANCE COMPANY OF CANADA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 1, 2021

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL  33020
        Phone: (954) 620-8300
        Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com