UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOYCE STONE,

    Plaintiff,                                                  Case No.: 1:21-cv-23172-DPG

v.

SUN LIFE ASSURANCE
COMPANY OF CANADA,

    Defendant.
_____/

**DEFENDANT SUN LIFE ASSURANCE COMPANY OF CANADA'S
ANSWER AND DEFENSES TO
<u>COMPLAINT AND REQUEST FOR ATTORNEYS' FEES</u>**

Defendant, Sun Life Assurance Company of Canada ("Sun Life"), answers the Complaint filed herein, stating:

1. Admitted that this matter is governed by ERISA, that this Court has jurisdiction of this matter, and that Plaintiff seeks the types of relief described in this paragraph of her complaint. The remaining allegations of this paragraph are denied.

2. Admitted on information and belief.

3. Admitted that Sun Life is a foreign corporation that transacts business in the Southern District of Florida. The remaining allegations of this paragraph, if any, are denied.

4. Admitted that venue is proper in this district. The remaining allegations of this paragraph, if any, are denied.

5. Denied.

6. Admitted that Plaintiff was an employee of QHCCS, LLC ("QHCCS") at the time she first made her claim with Sun Life for long term disability benefits. The remaining allegations of this paragraph, if any, are denied.

7. Admitted that while employed by QHCCS, Plaintiff was a participant in QHCCS' employee benefit plan. Admitted that at the time of Plaintiff's alleged disability, QHCCS' employee benefit plan included long term disability insurance provided through a group policy issued by Sun Life to QHCCS (the "group policy"), and that a copy of that group policy certificate is attached to the complaint as Exhibit A. The remaining allegations of this paragraph are denied.

8. Denied that the group policy is an employee welfare benefit plan; the group policy is part of an employee benefit plan. The remaining allegations of this paragraph are admitted.

9. Admitted that Sun Life is the insurer of benefits under the group policy and that the policyholder has conferred authority to determine claims made under the group policy to Sun Life. The remaining allegations of this paragraph, if any, are denied.

10. Denied.

11. Admitted that the policyholder has delegated full authority to determine claims made under the group policy to Sun Life, including Plaintiff's claim. The remaining allegations of this paragraph are denied.

12. Denied.

13. Admitted.

14. Admitted that Plaintiff has exhausted required administrative procedures and satisfied conditions precedent to filing this complaint. The remaining allegations of this paragraph are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted that Plaintiff initially filed a claim for long term disability benefits under the group policy, Sun Life determined Plaintiff failed to satisfy the terms of the group policy, Plaintiff pursued an administrative appeal, and Sun Life determined that Plaintiff was entitled to long term disability benefits that were paid through June 30, 2020. The remaining allegations of this paragraph, if any, are denied.

21. Admitted.

22. Admitted that Plaintiff timely appealed the determination of her claim. The remaining allegations of this paragraph are denied.

23. Admitted.

24. Admitted that Plaintiff exhausted all administrative procedures and satisfied conditions precedent to filing this complaint. The remaining allegations of this paragraph are denied.

25. Admitted that Sun Life has not paid benefits under the group policy to Plaintiff after June 30, 2020. The remaining allegations of this paragraph are denied.

26. Admitted that Sun Life has not paid benefits under the group policy to Plaintiff after June 30, 2020.  The remaining allegations of this paragraph are denied.

27. Admitted.

28. Admitted.

29. Admitted that the policyholder delegated authority to Sun Life to determine claims for benefits under the group policy.  The remaining allegations of this paragraph are denied.

30. Denied.

31. Without knowledge.

32. Sun Life incorporates its responses to paragraphs 1 through 31 as if fully set forth herein.

33. Admitted that this purports to be such a claim; denied that Plaintiff is entitled to any such relief.

34. Denied.

35. Denied.

36. Admitted.

37. Denied, including all sub-parts.

38. Denied.

39. Admitted that Plaintiff has exhausted all administrative remedies.  The remaining allegations of this paragraph are denied.

40. Denied.

41. Denied.

42. Denied.

Responding to Plaintiff's Request for Relief, Sun Life denies that Plaintiff is entitled to any relief in this action, including but not limited to the enumerated relief set forth as items 1 through 6 in this section of her complaint.

### FIRST DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to satisfy all conditions precedent to the payment of benefits under the group policy by failing to provide satisfactory proof of her claim or to otherwise satisfy the relevant group policy definitions and/or requirements.

### THIRD DEFENSE

Plaintiff is not entitled to benefits under the terms of the group policy that is the subject matter of this action.

### FOURTH DEFENSE

Sun Life's decision to deny the payment of benefits under the group policy was neither arbitrary nor capricious.

### FIFTH DEFENSE

Plaintiff may have received or may yet receive money from collateral sources for which Sun Life is entitled to a setoff to the extent of said funds received.

### SIXTH DEFENSE

Sun Life is entitled to recoup any monies received by Plaintiff from collateral sources.

**SEVENTH DEFENSE**

Plaintiff may have failed to pursue collateral sources that may have been available to her. Sun Life is entitled to a setoff to the extent said funds would have been available to Plaintiff had she pursued them.

**EIGHTH DEFENSE**

There is no vesting of benefits under the group policy, and thus Plaintiff may not recover benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

**REQUEST FOR ATTORNEYS' FEES**

Sun Life has engaged the undersigned counsel to represent it in this action and is obligated to pay a reasonable fee for such services. Pursuant to 29 U.S.C. § 1132(g)(1), Sun Life respectfully requests this Court award it reasonable attorneys' fees and costs incurred in this matter.

/s/ Marie Tomassi
Marie Tomassi
Florida Bar No. 772062
Trenam, Kemker, Scharf, Barkin,
 Frye, O'Neill & Mullis, P.A.
200 Central Avenue, Suite 1600
St. Petersburg, FL  33701
Phone: 727-820-3952
Fax:    727-820-3972
Attorneys for Sun Life Assurance Company of Canada

**CERTIFICATE OF SERVICE**

I certify that a copy of Defendant Sun Life Assurance Company of Canada's Answer and Defenses to Complaint and Request for Attorneys' Fees has been served by CM/ECF electronic filing this 21st day of September, 2021 to:

Alexander A. Palamara, Esq.
Dell and Schaefer, Chartered
2404 Hollywood Boulevard
Hollywood, FL  33020
alex@diattorney.com

              /s/ Marie Tomassi
              Attorney